## DAVIS v. ADAMS.

### (District Court, N. D. California. April 29, 1899.)

#### No. 11,829.

PLEADING IN ADMIRALTY—ACTION BY SEAMAN—VARIANCE.

A libel for damages, on the alleged ground that libelant was induced to visit a vessel by fraudulent pretenses, and there detained, and compelled to go on a voyage, sounds in tort, and a recovery cannot be had thereunder for wages due the libelant for his services as seaman rendered under shipping articles, which he signed.

In Admiralty.

Libel for damages. The libel alleges that the libelant was induced by fraudulent pretenses and assurances to go on board the bark Retriever, then lying in the harbor of San Francisco, for the purpose of visiting said vessel, and when on board "was unable to escape from said vessel, and was threatened, under penalty of being placed in irons, if he attempted to escape or make an outcry," and was thus compelled to go upon the voyage referred to in the opinion of the court.

P. C. Dormitzer, for libelant.

Charles E. Naylor, for respondent.

DE HAVEN, District Judge. The evidence in this case shows that the libelant, on or about the 11th day of May, 1895, signed shipping articles by which he agreed to go as a seaman on board the bark Retriever, on a voyage from San Francisco to Port Hadlock and return. In pursuance of this agreement, the libelant proceeded on the bark to Port Hadlock, and there left the vessel. In my opinion, the evidence shows that he was justified in leaving. The evidence also shows that the libelant has not been paid the wages earned by him. The libel will, however, have to be dismissed, as there is a fatal variance between the case proven and the cause of action alleged in the libel. The cause of action set forth in the libel is for a tort in the nature of false imprisonment, and not upon the contract established by the evidence. Libel dismissed, the respondent to recover costs.